UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.   01 CR 03 |
| | ) | Hon.  Virginia Kendall |
| ROBERT THOMAS | ) | |

### GOVERNMENT'S RESPONSE TO MOTION
### FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)

The UNITED STATES OF AMERICA, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby responds to the defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) and United States Sentencing Guideline Amendment 782 (the "Motion"). In support of this response, the government represents as follows:

Defendant Robert Thomas was sentenced to a term of 360 months after his conviction for narcotics trafficking offenses. The statement of correction to Thomas's presentence investigation report ("SOC") reflects that Thomas was convicted of conspiracy to possess with intent to distribute heroin. SOC at 1. Specifically, the defendant worked for a heroin distribution organization. *Id.* at 2. His duties lay in picking up drug proceeds and supervising street-level sellers of narcotics. *Id.* In this capacity, Thomas handled the day-to-day affairs of an organization that sold at least 100 grams of heroin a day between the middle of 1999 and early 2000. *Id.* In effect, the defendant exercised decision-making authority over the organization on behalf of the

leader of the enterprise, Cornell Green, and he received a leadership enhancement from the sentencing court. *Id.*

Thomas now asks this Court to reduce his sentence pursuant to Amendment 782 of the guidelines. It appears that Thomas is eligible for a reduction pursuant to Amendment 782. He correctly notes in his motion that his initial guideline range was 360 months to life, as calculated by the sentencing court, and that he received a sentence of 360 months, which was at the low end of the range. Pursuant to Amendment 782, Thomas's revised sentencing range is 324 months to 405 months.

While eligible, whether Thomas should receive the reduction is a closer question. The defendant's history and characteristics suggest at first glance that any further reduction is not appropriate. The defendant has prior convictions for retail theft, possession of a controlled substance, robbery and armed robbery. SOC at 6-15. Indeed, the defendant has seven prior convictions for robbery and armed robbery. Most of these armed robberies were not given any weight in calculating the defendant's guidelines on the ground that they were "related" offenses. Given this dismal background, the defendant's motion for a reduction of his sentence is of dubious merit. The sentence currently imposed properly reflects the danger this defendant poses and properly punishes him for his prolonged history of anti-social and violent conduct. Indeed, the sentencing court specifically noted this violent background in denying a post-sentencing request to reduce his sentence in light of a state conviction. The sentencing court's comments are reproduced in full below:

2

> The Federal Bureau of Prisons has asked the court to state its position regarding defendant's request that his federal sentence retroactively be designated to run from the date of imposition, to run concurrently with a 20-year term he is serving in state custody for armed robbery. In response, the court has reviewed the presentence report, the transcript of the sentencing hearing, and its judgment and committal order.
>
> The court clearly did not intend its 360 month sentence to run concurrently with an unrelated armed robbery offense. Defendant was convicted by a jury in this court of conspiracy to distribute 15.3 kilograms of heroin. The evidence at trial established he played a supervisory role in a major heroin distribution ring. Although he was only 30 when he was sentenced, he already had an extensive criminal history that included five prior armed robbery convictions, and two convictions for robbery. His record reflects that he is a career criminal who is a danger to the community. He was arrogant and unremorseful at sentencing. A copy of the sentencing transcript will be forwarded to the Bureau of Prisons with this order clarifying the court's position regarding defendant's request that his federal sentence for heroin trafficking run concurrently with his most recent state conviction for armed robbery.

*United States v. Thomas*, 01 CR 03 (N.D. Ill.) [Docket #366].

In short, the defendant is not a compelling case for a sentencing reduction. All that said, the government recognizes that the defendant is currently 44 years old. According to the Bureau of Prisons website, his current date of release is projected to be in twenty years, at age 64. If he receives a reduction within the range permitted by Amendment 782, he will be released roughly three years earlier, while in his early sixties. Given his expected age at that time, the risk he will again engage in violent conduct will be significantly diminished. Accordingly, even though the defendant has a violent background that fully supports the extended sentence he received, the

government does not object if the Court in its discretion concludes that a modest reduction of his sentence to 324 months is appropriate considering all the facts and circumstances of this case, particularly the defendant's projected age upon release.

The defendant goes further, however. He asks the Court to resentence him to a term of imprisonment under 324 months. This request should be rejected for a number of reasons. As an initial matter, a sentence below 324 months is prohibited by the terms of Sentencing Guideline 1B1.10. That guideline provides that a sentencing court cannot impose a term of imprisonment below the amended guideline range. Guideline 1B1.10(b)(2) (limitation and prohibition on extent of reduction).[1]

The defendant recognizes the limitation imposed by Guideline 1B1.10(b)(2), but he contends that this limitation violates the Constitution's *Ex Post Facto* Clause. Motion at 6-7 (citing *United States v. King*, 2013 WL 4008629 at *19-21 (N.D. Ill. 2013)). He is wrong. In *King*, the sentencing court sentenced the defendant to a term of imprisonment well below the amended guideline range, believing that the crack cocaine sentencing regime established by Congress (and the retroactive fix adopted by the Sentencing Commission) was unfair. Although Guideline 1B1.10(b)(2) prohibited this sentence, the sentencing court explained that Guideline 1B1.10(b)(2) was an *ex post*

---

1   18 U.S.C. § 3582(c) provides that any sentencing reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has held that compliance with Guideline 1B1.10 is mandatory. *Dillon v. United States*, 560 U.S. 817, 821-22, 828 (2010).

4

*facto* violation because its prohibition on sentencing below the amended guideline range came into force after the defendant was initially sentenced.[2]

*King's* reasoning is incorrect. In this case, before Amendment 782 was promulgated, the defendant was not entitled to *any* reduction in his sentence at all. Amendment 782 is a sentencing reduction that merely incorporates Guideline 1B1.10 in confining the extent of the reduction that is now permitted.[3] As such, Guideline 1B1.10 cannot be considered to be an *ex post facto* law that *enhances* punishment; rather, it is incorporated as part of a provision that *reduces* a prior punishment. Indeed, if the logic of *King* is right, *any* subsequent guideline amendment that in any fashion limits the extent of a sentencing reduction is an *ex post facto* violation, because by definition it is a "new" limitation on a sentencing reduction that did not initially exist at the time the defendant was sentenced. Of course, this argument makes no sense, for it means that the sentencing commission (or legislature) cannot engage in any reasoned and measured act of lenity in the future without upsetting the *Ex Post Facto* Clause. It is therefore clear that *King* was wrongly decided. Indeed, this Court is well aware that *King* was wrongly decided: this Court's judgment rejecting the rationale of *King* was affirmed in *United States v. Diggs*, 768 F.3d 643, 645-46 (7th Cir. 2014) ("By nature, a § 3582(c)

---

2     The same is true in this case. The amendment to Guideline 1B1.10 that prohibited sentencing below the amended guideline range came into force after 2001. *King*, 2013 WL 4008629 at *16.

3     Amendment 782 amended Guideline 1B1.10 by specifying that "amendments covered by this policy statement are listed in Appendix C as follows: . . . 782 (subject to subsection (e)(1))." (Guideline 1B1.10(e)(1) prohibited Amendment 782 from being effective before November 1, 2015.)

proceeding to reduce a sentence does not have any bearing on the *ex post facto* clause, because it cannot increase a punishment.").

This legal discussion of the constitutional merits of Guideline 1B.10(b)(2) is academic because for the reasons previously discussed—namely, the defendant's history of anti-social and violent conduct—the defendant should not be awarded a reduction beyond 324 months pursuant to the factors enumerated in 18 U.S.C. § 3553, and the government requests that the Court make such a finding in any event.

WHEREFORE, the government respectfully requests that the Court enter an order (i) resolving the Motion as discussed herein; and (ii) granting the government such other and further relief as is just and proper.

Respectfully submitted.

ZACHARY T. FARDON
United States Attorney

By: /s/ Amarjeet S. Bhachu
AMARJEET S. BHACHU
Assistant United States Attorney
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 469-6212

## CERTIFICATE OF SERVICE

      Amarjeet S. Bhachu, an Assistant United States Attorney assigned to the instant matter, hereby certifies that the attached GOVERNMENT'S RESPONSE TO MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c) was served on May 1, 2015, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and by first class mail, postage prepaid on the following:

Robert Thomas
#20345-424
FCI Berlin
P.O. Box 9000
Berlin, NH 03570

                                              /s/ Amarjeet S. Bhachu
                                              AMARJEET S. BHACHU
                                              Assistant United States Attorney
                                              219 South Dearborn Street
                                              Fifth Floor
                                              Chicago, Illinois 60604