IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America

Plaintiff(s),

v.

Robert Thomas

Defendant(s).

Case No. 1 cr 3-9
Judge Virginia M. Kendall

## **ORDER**

Robert Thomas was sentenced to a term of 360 months after his conviction for conspiracy to possess with the intent to distribute heroin. PSR at 1. Thomas supervised street level dealers and picked up the drug proceeds from them during the course of the conspiracy which sold approximately 100 grams of heroin daily. He was sentenced at the time for a leadership role in the organization. Thomas is now seeking a sentencing reduction based on Amendment 782. He correctly states that his guideline range was 360 to life at the time of his sentencing and that the judge sentenced him to 360 months. Pursuant to the Amendment, he is now entitled to a sentencing range of 324 to 405 months.

The Government notes that Thomas had a significant role in the conspiracy for which he was convicted and also a significant criminal history and therefore asserts that the reduction may not be appropriate. However, the Government also points out that Thomas will be 64 years old when he is released and acknowledges that recidivism rates drop significantly as one ages especially after 50 years of age. Thomas however seeks a sentence below the 324 months.

Recognizing that Guideline 1B1.10 states that the Court should not impose a term of imprisonment below the amended guideline range, Thomas asserts that this limitation violates the Constitution's *Ex Post Facto Clause*. Although this Court has rejected the reasoning in *United States v. King*, 2013 WL 4008629 at *19-21 (N.D.Ill. 2013), Thomas cites to *King* to support his request for relief below the new adjusted guideline range. *See United States v. Diggs*, 768 F.3d 643, 645-46 (7th Cir. 2014) (affirming this Court's rejection of *King*: "By nature a 3582(c) proceeding to reduce a sentence does not have a bearing on the ex post facto clause because it cannot increase punishment.") The Court's rejection of the *King* analysis was affirmed by the Seventh Circuit and is therefore appropriate which means that the amended range applicable to Thomas cannot violate *the Ex Post Facto Clause.*

Although the Government reminds the Court that the Defendant was a serious offender who was a leader in a large drug organization and has a history of violent crimes, the Court notes that the defendant his advanced age at the time of release makes it highly unlikely that the will reoffend. His sentence was significant and he has expressed remorse in his filings regarding his past conduct and his desire to reconnect with his family. Due to the significant sentence he has

already received and the fact that he is unlikely to recidivate as an older man, the Court grants the sentencing reduction to 324 months.

Date:  2/12/2016

_____
Virginia M. Kendall
United States District Judge