# UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

UNITED STATES     1:01-CR-00003-9

    Judge Kendall

vs.

ROBERT THOMAS,     December 9, 2021

FILED DEC 21 2021 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

## "EMERGENCY MOTION FOR REDUCTION OF SENTENCE, AND APPOINTMENT OF COUNSEL UNDER THE 'FIRST STEP ACT'"

Now comes, Petitioner Robert Thomas, acting pro se, petitioning this Court for compassionate release and/or a "REDUCTION OF SENTENCE" to time considered serve under 18 U.S.C. § 3582 (c)(1)(A)(i). Due to "extraordinary and compelling reasons", which will be clearly outlined in / this "URGENT" plea for justice.

1. Procedural History and Background

On July 10, 2001, Mr. Thomas was found guilty of (1) one count of conspiracy to possess with the intent to distribute Heroin. He

was sentenced on September 14, 2001 to 360 months in federal prison. His sentence has since been reduced by this court to 324 months (27 yrs) pursuant to (DGA) Eff. See Feb. 12, 2016 Order, Federal Criminal Case (ECF No. 483). Would good time credits included, Mr. Thomas would have to serve (23 years) of that 27 year sentence.

Mr. Thomas has now served a total of (20 years) of that (23 years) in which he reached on November 5, 2021; due to Illinois relinquishing its primary custody over Mr. Thomas to federal authorities on (November 5, 2001). Please see Pope v. Perdue, 889 F.3d 410 (7th Cir 2018), which will be further outlined in this motion along with documentation in support.

Mr. Thomas has (fared) extremely well under these circumstances since being incarcerated. He has NOT had any disciplinary infractions wedged

against him. He has been very successful in furthering his Vocational Skills, by taking and completing numerous college courses, as well as other programs within the (BOP) which are also being attached to this request.

There are numerous of factors that justify this Court to REDUCE Mr. Thomas under 18 U.S.C. § 3582(C)(1)(A)(i) to time considered served.

1.) If Mr. Thomas was sentenced today, he would receive an advisory sentence under Booker, verses receiving the Mandatory on that he received in 2001.;

2.) Mr. Thomas's sentence is "extremely" disproportionate compared to these codefendant's of equal or greater culpability. In which Mr. Thomas received the greater of All for his minimal role, which can be discern if the Court compares the sentencing length that everyone received.;

3) Mr. Thomas's sentence can also be discerned as a penalty for going to trial, by reviewing all the sentences that the rest of his co-defendants received. ; And Mr. Thomas is the ONLY ONE still incarcerated...

4.) Mr. Thomas's Excellent behavior record in prison - and all his efforts in rehabilitating himself, so that he can be more productive in society once he's released. ;

5.) Mr. Thomas's wife is suffering from terminal cancer and does not have anyone at home with her to make sure that she get to - and from all of cher treatments. Mr. Thomas has (2) two daughter that were (9) nine and (10) ten when he go incarcerated. Whom are approaching (30) and (31) and now lives in different states opposite Mr. Thomas's wife. So, she needs him. ;

6.) The lack of violent conduct during the offence ; 7.)

<u>Mr. Thomas' Health</u>. Mr. Thomas has a increased risk for severe illness from COVID-19. Mr. Thomas (29) twenty-nine old when he was sentence, he is now (50) fifty years old - and will be (51) fifty-one years old this coming March 1st.

Mr. Thomas suffers from Chronic Asthma, he's prediabetic and also suffers from High Blood Presser and hypertension. Please <u>see</u> attachments. It should be noted that Mr. Thomas <u>has been fully vaccinated</u> with (2) two Moderna shots - and (1) one Booster shot. ;

8.) Mr. Thomas has served well of 98% of his (23) years sentence with goodtime included. If this court takes under consideration of what the (Seventh Circuit Court of Appeals) ruled in <u>Pope v. Perdue</u>, 889 F.3d 410 (7th Cir 2018), which it should, to <u>avoid</u> Mr. Thomas serving more time than this court sentence him too.

In <u>Pope</u>, the BOP determined that Pope's federal sentence commenced on August 6, 2010. Pope contends that the BOP instead should have begun his sentence on August 31, 2009 - the start of a 268-day period in which he was held in "federal custody" <u>without a writ of habeas corpus ad prosequendum</u>".

The Court went on to say, "while the BOP has authority to determine when a sentence begins to <u>RUN</u>, its exercise of that authority is bound by the doctrine of primary custody, see Ponzi v. Fessenden, 258 U.S. 254, 260-61 42 S.Ct. 309, 66 L.Ed 607 (1922), and by statute, see 18 U.S.C. § 3585 (a). Examining both, we conclude that <u>Pope's</u> federal sentence commenced on <u>August 31, 2009</u>.

This is also an "<u>extraordinary and compelling reason</u>" to order the BOP to <s>revise</s> the commence date of a prisoner - so that their not in custody beyond their <u>accurate</u> release date.

Please see Exhibit (4) an excerpt from Pope v. Perdue, an Declaration from Mrs. Patricia Kita, who works for the BOP, a ruling from the District Court in New Hampshire, acknowledging the facts that Mr. Thomas was turned over to federal custody on November 5, 2001 to begin serving his federal sentence without a Writ of habeas corpus ad prosequendum. As was the case in Pope.

Also attached, is Mr. Thomas's informal Resolution at the BOP, dated March 30, 2021 (7) seven days after the New Hampshire ruling, which is also attached to Exhibit (4). (6) Six day after Mr. Thomas informal resolution on April 6, 2021, the BOP updated Mr. Thomas's federal Computation Sheet, giving him (178 days) jail credit for OVER SERVED TIME IN STATE CUSTODY.

Due to the (178 days) that he was held in federal custody without a Writ of habeas corpus ad prosequendum

from November 5, 2001 until April 11, 2002. As was the case in Pope v. Perdue, 889 F.3d. 410 (7th Cir 2018).

Also attached, is a Memorandum from: D.L. Ready a Unit Manager at the federal institution where Mr. Thomas was being held at in (2012). That confirms as well, that Mr. Thomas's federal sentence began (November 5, 2001).

As the Pope court concluded, "the (BOP) has authority to determine when a sentence begin to run, its exercise of that authority is bound" by the doctrine of primary custody citing; Ponzi and 18 U.S.C. § 3585 (a). Which has clearly been violated here in Mr. Thomas's case.

In considering Mr. Thomas's Motion under the First Step Act and under 18 U.S.C. § 3582 (C)(1)(A)(i) he humbly asks that this court review the (3) three-part test adopted by the

Tenth Circuit Court of Appeals in United States v. Maumau, 993 F.3d at 831 (2020)(citing United States v. Jones, 980 F.3d 1098, 1107 (6th Cir 2020)

Step (1) one, requires the Court to determine in its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction;

Step (2) two: requires the Court to determine in its discretion, whether such reduction is consistent with applicable policy statement issued by the U.S. Sentencing Commission;

Step (3) three: requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by Step (1) one — and (2) two warranted under the circumstance of the case at hand.

THEREFORE, Mr. Thomas humbly (urges) this Court to utilize its sound discretion and consider ALL the

aforementioned FACTS and the "Extra-ordinary and Compelling Reasons" of this case to GRANT Mr. Thomas relief, in the interest of fairness to all parties.

### * Mr. Thomas's Release Plans

Mr. Thomas has changed his release address to the State of Maine, where his wife resides. Upon his release, Mr. Thomas has been offered an position at the Walmart Distribution Warehouse in Lewiston, Maine. With a starting pay of $19.00 dollar an hour with benefits included. Mr. Thomas has an host of family members and extended family members, who has, and will continue to assist him with his transition back to society... after serving (21) twenty-one years in prison.

WHEREFORE, Petitioner Thomas, Prays that this Honorable Court utilizes its discretion under 18 U.S.C. § 3582(c)(1)(A)(i) and REDUCE Mr. Thomas's remaining (3)

three years to time considered served, and also ORDER the BOP to revise his sentence commencement to November 5, 2001, per. Pepe v. Perdun, 889 F.3d 410 (7th Cir. 2018).

I, Robert Thomas, state under the penalty of perjury that the forementioned is TRUE and CORRECT.

Respectfully Submitted,
by: Robert Thomas
Reg no. 20345-424
FCI-BERLIN
P.O. Box 9000
Berlin, NH 03570

On this 9th of December 2021

## CERTIFICATE OF SERVICE

I, Robert Thomas, hereby certify that a copy of said Motion For Reduction has been mailed via first-class to the following party:

Mr. Tinos Diamantatos (AUSA)
219 South Dearborn Street Suite 500
Chicago, IL 60604    (this)
                      9th day of December 2021

6.) Exhibit (5) Return the action to the Honorable Judge M. Kendall (7 pages).

"Enclosed Contents"

1.) Motion For Compassionate Release Under the First Step Act, pursuant to 18 U.S.C. § 3582(C)(1)(A)(i)

2.)(1.) Request to the Warden at FCI-Berlin, dated November 7, 2021. No Response 1 of 1

3.) Exhibit (2) Mr. Thomas's institutional Medical Records (14 pages)

4.) Exhibit (3) Mr. Thomas's educational documents. (10 pages)

5.) Exhibit (4) Mr. Thomas's BOP Informal Resolution that warrants review due to extraordinary and compelling reasons; to prevent any further miscarriage of justice. (16 pages).

To whom it may concern, your help in filing the above would be very appreciated. Thanks. ☺

Happy Holidays!
God Bless You.