**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 01 CR 3-9 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| ROBERT THOMAS. ) | |

### ORDER

Before the Court is Robert Thomas's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A)(i) based on his family circumstances. (Dkt. 568). For the following reasons, the Motion is denied. (*Id.*)

On September 14, 2001, Thomas was sentenced to 360 months' imprisonment after he was convicted of possession with intent to distribute heroin. (Dkt. 243). Since his conviction, Thomas has filed several motions seeking to reduce his sentence. (*See* Dkt. No. 497 at 1 (detailing filing history); Dkt. 511 at 1; Dkt. 573 at 3). The Court previously reduced his sentence to 324 months, the lowest possible sentence consistent with Guideline 1B1.10(b)(2) in light of United States Guideline Amendment 782. (Dkt. 483). On January 27, 2022, this Court denied Thomas's most recent motion for another sentence reduction or compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 560). The Court also denied Thomas's Motion for Reconsideration of that Order. (Dkt. 567).

Thomas was transferred by the Bureau of Prisons to home confinement in March of 2023. (Dkt. 568 at 1–2; Dkt. 573 at 2). His term of imprisonment is currently scheduled to end on December 5, 2023. (Dkt. 573 at 3 n.1). With less than six months of his sentence remaining, he moved again for compassionate release on June 20, 2023. (Dkt. 568). He claims that his elderly mother needs "complete assistance," and that he needs to be freed from home confinement to take her to the hospital or doctor appointments. (*Id.* at 2).

Under 18 U.S.C. § 3582(c)(1)(A)(i), the court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." Before evaluating the merits of a motion, the court ascertains whether a defendant complied with the exhaustion requirement of § 3582(c)(1)(A). *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). A defendant may move for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). Next, the court asks whether "extraordinary and compelling reasons warrant such a reduction" in a defendant's sentence. 18 U.S.C. §3582(c)(1)(A)(i); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). Application

Notes to U.S.S.G. § 1B1.13 provide that "extraordinary and compelling reasons" exist based on certain medical conditions, age, and family circumstances of the defendant, among other reasons. Third, U.S.S.G. § 1B1.13 provides guidelines for a court to determine whether the "defendant is . . . a danger to the safety of any other person or to the community." *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (clarifying that § 1B1.13 and its Application Notes "guide discretion"). Finally, if the court finds extraordinary and compelling reasons to grant a sentence reduction, it must consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. §3582(c)(1)(A); *see United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021) (affirming district court's denial of defendant's motion after weighing section 3553(a) factors).

This Court cannot grant Thomas's Motion because he has not exhausted his administrative remedies per § 3682(c)(1)(A). Thomas has provided no evidence that he submitted any administrative requests for compassionate release. (*See* dkt. 568 (motion lacks any mention of petition to Bureau of Prisons authorities)). According to the government, "representatives of the BOP report that they have no record of any administrative requests for compassionate release submitted by the defendant." (Dkt. 573 at 7). The statute's administrative-exhaustion requirement is a mandatory claim-processing rule that must be enforced when properly invoked. *Sanford*, 986 F.3d at 782. The government has properly invoked Thomas's failure to comply with § 3682(c)(1)(A)'s exhaustion requirement, so his claim necessarily fails. *See id.*

The Court therefore denies Robert Thomas's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A)(i) because he failed to exhaust his administrative remedies as the statute requires. [568]

Virginia M. Kendall
United States District Judge

Date: August 31, 2023